Whitaker, Judge,
delivered the opinion of the court:
In our opinion filed on April 5, 1948 [111 C. Cls. 124], we held that plaintiffs were entitled to hold in reserve the waters of the San J oaquin River in times of spring floods in order to take care of a possible deficiency in the supply of water furnished plaintiffs by the Merced Irrigation District, and we held that the defendant had deprived them of this right by the erection of the Friant Dam. However, we held that there was no proof in the record from which we could determine the value of this water right and we remanded the case to a Commissioner to take proof on this question.
At the hearing on remand the defendant introduced as a witness on this question Mr. George L. Schmutz, a professional appraiser, apparently a very intelligent and competent *49 man. Mr. Schmutz testified that in his opinion the value of the right to hold this water in reserve “was a nominal figure, or $1.00.” He assigned a good many reasons for that opinion, but it is evident that his opinion was based primarily on the fact that he thought there was no reasonable possibility that the Merced Irrigation District would release to plaintiffs less water than they needed in any year, and, hence, that they would never need the San Joaquin water.
It does appear quite unlikely that the Merced Irrigation District will ever release less water than plaintiffs need. However, it is not obligated to release more than 24,000 acre-feet, which is less than plaintiffs need, and if it should release no more than this plaintiffs would be unable to fulfill their contracts, if they did not have available this water of the San Joaquin River.
Improbable it is that the Merced Irrigation District will not release to plaintiffs the water they need, but it is not certain that it will. This is a real uncertainty; it is not fanciful but real, as evidenced by the fact that plaintiffs have in fact maintained the San Joaquin River water in reserve, presumably against this contingency. It has cost them something to do this. If there was no likelihood at all that the Merced Irrigation District would release to them less water than they needed, they would not have gone to this expense.
We cannot agree that the right to hold this San Joaquin water in reserve had no more than a nominal value. On the other hand, we can by no means agree with the valuations put on this right by plaintiffs’ witnesses. One of them testified that it had a value of $78,888.00, and another testified that it had a value of $92,540.00. Since it is quite unlikely that plaintiffs will ever have any use for this water, we cannot believe that the mere right to hold it in reserve has any such value. A beneficial use of this water might have been worth so much, but the mere right to hold it in reserve against a remote contingency could not have been worth anything like this amount. In view of the little likelihood that plaintiffs would ever have need of this water, we cannot accept the valuations of plaintiffs’ witnesses.
*50 In this state of the proof we can do nothing other than arrive at a judgment in the nature of a jury verdict.
Taking into consideration the unlikelihood of plaintiffs ever needing this water, and also the dilemma in which plaintiffs would find themselves if they in fact did need it, we have arrived at the conclusion that a valuation of $5,000.00 on the right to hold this water in reserve is just and equitable.
Judgment will be entered for plaintiffs for that amount, plus an additional amount computed at four (4) percent per annum from October 20, 1941, to date of payment, as a part of just compensation.
Howell, Judge; Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.